Matilde E. Goodwin, Individually etc., Plaintiff, v. Emily M. Coddington, Impleaded etc., Defendant.— Motion for new trial denied, with costs to plaintiff and to guardian *ad litem* payable out of the estate.—

Motion by defendant, Emily M. Coddington, for a new trial on exceptions, pursuant to section 1001 of the Code of Civil Procedure. March 11, 1869, Matilda E. Coddington executed her last will and testament which, among other provisions, contains the following: "*First.* * * * I give, devise and bequeath to my children, Jefferson, Gilbert S., Clifford, Matilda E. and Louisa, each an undivided fifth part of all my interest in the building and lot known as Number 17 (Seventeen) Wall Street, in the City of New York, being an undivided three-fourths thereof, for the term of his or her

natural life, and after his or her death, I give the same to his or her children, the issue of any deceased child, if any, to take its parent's share. Should either of my said sons die leaving no issue him surviving I give, devise and bequeath his one-fifth of said premises to such of his above-mentioned brothers and sisters, if any, as may be then living, and the issue of any deceased brother or sister above mentioned, if any, such issue to take the share its parent would have taken if living. If either of my said daughters should die without leaving issue her surviving, I give her one-fifth of said premises to my granddaughter Mary Matilda Moore for her life and after her death to her issue, if any. If none, to such of my said sons and daughters, if any, as may then be living, and the issue, if any, of any deceased son or daughter above mentioned, such issue to take its parent's share. * * * I hereby order and direct my said Executors and Executrix, the survivors or survivor of them, to hold the proceeds of said premises Number (17) Seventeen Wall Street in five separate portions, and to hold each of said portions until the termination of any life interest hereby created therein for the benefit of the party interested therein." The will contains a residuary clause devising and bequeathing the remainder of her estate. July 16, 1876, Jefferson Coddington, mentioned in the above-quoted provision, died intestate, leaving Andrew C. Coddington, son, and Emily M. Coddington, daughter, only heirs and next of kin. August 7, 1876, Matilda E. Coddington executed a third codicil to her said last will and testament which, among other provisions, contains the following: "*Second.* That the one-fifth part of my interest in the premises No. 17 Wall St., which in and by said will I devise to my said son Jefferson, his issue, etc., shall be divided into four equal parts, one of which I give and bequeath to each of my now surviving children for and during the natural life of such child and after his or her death to the same person or persons who under and by virtue of said will shall be entitled to the remainder of the one-fifth therein devised for life to such child." February 14, 1883, Matilda E. Coddington died, leaving said last will and testament and codicil unrevoked, which were duly admitted to probate March 6, 1882, as a last will, testament and codicil of real and personal property. Letters testamentary thereon were issued to Clifford Coddington, Louisa Coddington and Matilda E. Goodwin (*née* Coddington), three of the four persons nominated in the will as executors thereof. The fourth nominee, Gilbert S. Coddington, did not receive letters. February 28, 1892, Clifford Coddington died, leaving a last will and testament, which was admitted to probate April 12, 1892. He left four children who are defendants in this action. March 5, 1892, Louisa Coddington died, leaving a last will and testament, which was admitted to probate March 25, 1892. She died unmarried and without issue. April 11, 1892, this action was begun by the sole surviving executor of Matilda E. Coddington for an accounting and for a determination of the rights of the parties under the clauses in the will and codicil above quoted. By the prayer for judgment the court is asked to determine the rights and interests of the parties to this action and of

all persons now having or who may have any estate or interest under the last will and testament of Matilda E. Coddington. When judgment was entered herein two of the testrix's children mentioned in the clause of the will and in the second clause of the third codicil were living, to wit, Matilda E. Goodwin, who had two children, and Gilbert S. Coddington. who had no descendants. There were also living four grandchildren, the children of Clifford Coddington, and two grandchildren, the children of Jefferson Coddington, deceased, and Mary M. Moore. Emily M. Coddington alone answered, and she asked the court to decide (1) that under the clause of the will and codicil quoted she and her brother had a vested remainder in fee in one-fifth of No. 17 Wall street; (2) that in case of the death of any of the sons or daughters of the testatrix, without issue, Emily M. Coddington and her brother would take the share that their mother would have taken, if living. These requests were refused and exceptions taken. The court held that Emily M. Coddington and Andrew C. Coddington were not then entitled, by reason of the deaths of said Louisa Coddington and Clifford Coddington, to any present share or interest in possession in No. 17 Wall street and "that the rights and interests in remainder of said Andrew C. Coddington and said Emily M. Coddington are as stated in said will and codicil." To this decision the defendant excepted.—

FOLLETT, J.: By the clause in the will above quoted the testatrix devised to every one of her five children an estate for life in one-fifth part of No. 17 Wall street, and after the death of any one leaving children, to his or her children. In case one of the three sons should die without issue his one-fifth went in fee to his surviving brothers and sisters, and to the issue of any deceased brother or sister, such issue to take the parent's share. In case a daughter died without leaving issue her fifth of said premises went to the testatrix's granddaughter, Mary M. Moore, for life, and after her death to her issue, if any, but if she left no issue, to the testatrix's sons and daughters then living and to the issue of any deceased son or daughter. the issue to take the parent's share. After the death of her son Jefferson, leaving two children, Emily M. and Andrew C. Coddington, the testatrix executed a third codicil containing the provision above quoted. The question presented is, what change did the testatrix intend to make in the disposition which she made by her will of No. 17 Wall street? She reaffirms her division of the property into fifths and directs that the fifth devised in her will to Jefferson shall be divided into four equal parts, one of which parts she devised for life to each of her four children then surviving, Gilbert S., Clifford, Matilda E. and Louisa, "and after his or her death to the same person or persons who under and by virtue of said will shall be entitled to the remainder of the one-fifth therein devised for life to such child." Upon the death of Louisa Coddington, without issue, the remainder of the fifth "therein (in the will) devised for life to such child Louisa," went, not to any son of the testatrix, or to the children or issue of any deceased son of the testatrix, but to Mary M. Moore for life, and remainder to her issue, if any. The remainder of the one-fourth of the fifth devised in the will to Jefferson for life, but by the codicil devised to Louisa for life, goes under the codicil to the "same person or persons" to whom the remainder of the original fifth devised to her for life goes under the will, i. e., to Mary M. Moore for life, and remainder to her issue. Upon the death of Clifford Coddington leaving four children, the remainder of the fifth devised to him for life went, not

to the children of Jefferson, but to his own children in fee, and the remainder of the fourth of the fifth originally devised to Jefferson, but by the codicil to Clifford, goes to the "same persons"—his children The term "such child" is twice used in the clause of the codicil under consideration, and on the first occasion it refers beyond question to one of the four children of the testator then living, and we think it was last used in the same sense, and the term "same person or persons" includes the issue of the four children who take a life estate under the will as modified by the codicil, but does not include the children of her deceased son Jefferson. What interest Emily M. and Andrew C. Coddington may acquire, if any, by the death of Matilda E. Goodwin, Gilbert S. Coddington and Mary M. Moore, or of any one of them, can be determined only after those events. It may be that all of them will leave children, and it may be that neither Emily M. nor Andrew C. Coddington will survive any one of those events. The motion for a new trial should be denied, with costs to the plaintiff and to the guardian ad litem payable out of the estate. Van Brunt, P. J., and Parker, J., concurred.